UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON ETIENNE (A# 233-209-176),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08908 DC SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner, a citizen and national of Haiti, was paroled into the United States at Fort Lauderdale, Florida, on October 30, 2023, as a non-immigrant Haitian Humanitarian Parolee ("HHP") with authorization to remain in the United States for a temporary period not to exceed June 6, 2025. ECF No. 8-3 (Form I-261 Jul. 9, 2026). Petitioner received a work permit and Social Security card. ECF No 1 at 6. He has a fiancée who is a U.S. citizen and a one-year-old child. Id. at 7.

Petitioner has a criminal history in the United States. On May 7, 2026, he was convicted of battery under Florida Statutes § 784.03(1)(a) and simple assault under Florida Statutes § 784.011 and sentenced to time served (289 days). ECF No. 8-4 at 4-7 (FBI rap sheet). It appears

that ICE took Petitioner into custody and issued him an amended Notice to Appear ("NTA") on or about May 17, 2026. ECF No 8-2.

Petitioner filed his petition on October 29, 2026, challenging his detention under the Due Process Clause of the Fifth Amendment. ECF No. 1. He seeks immediate release or, in the alternative, a bond hearing before an immigration judge where the government must establish by clear and convincing evidence that he presents a risk of flight or danger by clear and convincing evidence. Id. at 16-17. Respondent opposes the petition and argues that Petitioner, who is detained under 8 U.S.C. § 1225(b), lacks a constitutional liberty interest. ECF No. 8. Respondent urges the Court to reject the "emerging view of courts in this circuit" that the Ninth Circuit's recent decision in Padilla v. United States Immigration & Customs Enforcement, 192 F.4th 894 (9th Cir. 2026) ("Padilla") limited the entry fiction to admission cases. Id. at 2.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that

government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.”).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep’t of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) (“Once it is determined that due process applies, the question remains what process is due.”). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government’s interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge “contends that the law is unconstitutional as applied to the litigant’s particular [circumstances], even though the law may be capable of valid application to others.” Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Immigration Framework**

A non-citizen arrested at or near the border without valid entry documents is normally ordered removed “without further hearing or review” pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i). But if such non-citizen “indicates either an intention to apply for asylum ... or a fear of persecution,” then that non-citizen is referred for an asylum interview. See 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting this credible fear interview, the non-citizen is to remain detained. See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). If an immigration officer determines after that interview that the non-citizen has a credible fear of persecution, “the [non-citizen] shall be detained for further consideration of the application for asylum.” 8 U.S.C. § 1225(b)(1)(B)(ii). At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

The statutory mechanism for release from detention for an asylum applicant apprehended at the border is temporary release on parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3. Such parole, however, "shall not be regarded as an admission of the [non-citizen]." 8 U.S.C. § 1182(d)(5)(A). Instead, when the purpose of the parole has been served, "the [non-citizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id.

**III. Due Process Analysis**

The undersigned liberally construes the petition as raising a procedural due process challenge to ICE's re-arrest of Petitioner without pre-deprivation procedures. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). By virtue of his release as a non-immigrant Haitian Humanitarian Parolee in October 2023, combined with the years he has spent at liberty while relying on that representation, Petitioner possesses a protected liberty interest in his continued freedom from detention. See Evner F. v. Warden of California City Det. Facility, No. 1:26-CV-06893-MWJS, 2026 WL 2678332, at *2 (E.D. Cal. Sept. 11, 2026) (rejecting government's argument that Haitian Family Reunified Program parolee's circumstances were materially distinguishable from the court's prior rulings requiring the government to provide pre-deprivation process before re-detaining noncitizens previously released from immigration custody). Although Petitioner's parole expired before his re-detention, "[his] liberty interest does not evaporate when a term of parole expires." Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *2 (E.D. Cal. May 5, 2026) (citation omitted); see also D.L.C. v. Wofford, 820 F. Supp. 3d 1106, 1111 (E.D. Cal. 2026) (noting that numerous courts in the Ninth Circuit have found humanitarian parolees retain a liberty interest after expiration of parole and collecting cases)

The undersigned addressed Respondent's interpretation of Padilla as foreclosing due process protections against detention in Sarna v. Chestnut, No. 1:26-CV-04535-DC-SCR, 2026 WL 3306992, at *3–5 (E.D. Cal. Nov. 2, 2026) and incorporates that analysis herein. The

assigned District Judge has similarly rejected this interpretation of Padilla, noting that Respondent's argument ignores that the Ninth Circuit "clarified that the entry fiction doctrine applies in 'an admission, not a detention, case.'" Bravo v. Morillo v. Chestnut, et al., No. 1:26-CV-08080-DC-JDP (HC), 2026 WL 3060542, at *1 (E.D. Cal. Oct. 13, 2026) (quoting Padilla, 192 F.4th at 917).

> [C]ontrary to Respondents' expansive interpretation of *Padilla*, that decision limited Petitioner's due process rights relating to his *admissibility* to those prescribed by statute; it had no impact on his due process rights relating to his *detention*. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, *Padilla* does not affect this court's analysis regarding the due process protections necessary to detain Petitioner.

Bravo Morillo, 2026 WL 3060542, at *1. Moreover, courts have repeatedly rejected Respondent's attempt to construe the Supreme Court's decisions in Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020), and Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953), which concerned noncitizens whom the government had never released into the United States, as foreclosing the procedural due process rights of individuals like Petitioner who has established meaningful ties to the United States. See J.O.L.R. v. Wofford, No. 1:25-CV-01241-KES-SKO (HC), 2025 WL 2908740, at *3 (E.D. Cal. Oct. 14, 2025); Kandola v. Warden, California City Det. Facility, No. 1:26-CV-02714 DAD SCR, 2026 WL 1243464, at *2 n.2 (E.D. Cal. May 6, 2026), report and recommendation adopted, No. 1:26-CV-02714 DAD SCR (HC), 2026 WL 1363087 (E.D. Cal. May 15, 2026). For all these reasons, the undersigned finds that Petitioner has a protected liberty interested in his continued freedom from detention.

The District Judge assigned to this case has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 815 F. Supp. 3d 1113 (E.D. Cal. 2025) (same); D. L.C.

v. Wofford, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563, at *6-*7 (E.D. Cal. Feb. 5, 2026) (same). Accordingly, consistent with the Court's reasoning and rulings in these substantively similar cases, the undersigned finds that the Mathews factors on analysis show that Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process.

As noted above, the record reflects that Petitioner was convicted on assault and battery in May 2026 and sentenced to time served. The assigned District Judge has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. See Calvillo v. Chestnut, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026). However, here Respondent makes no mention of Petitioner's criminal history, let alone argues that it renders inapplicable the Court's previous determination that noncitizens previously released into the United States are entitled to a pre-deprivation bond hearing before they can be re-detained. As "there is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody," Hidalgo v. Warden, No. 1:26-cv-3511-DC-JDP, 2026 WL 1707795, *1 (E.D. Cal. June 12, 2026) (citations omitted), the undersigned recommends Petitioner's immediate release.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on its sole procedural due process claim.

2. Respondent be ordered to IMMEDIATELY RELEASE Petitioner JOHNSON ETIENNE (A# 233-209-176) on the conditions of supervision in place at the time of his re-arrest

in May 2026.

3. At the time of release, Respondent must return all of Petitioner's documents and possessions.

4. Respondent be ordered to file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Mesa Verde Detention Facility; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal

////

////

////

////

the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE